IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-41039
Summary Calendar
_____

SHARON DENISE SIRLS, A minor by and
through her mother Geneva Warren as guardian,

                                    Plaintiff-Appellant,

versus

WILLIAM A. HALTER, ACTING
COMMISSIONER OF SOCIAL SECURITY,

                                    Defendant-Appellee.

Appeal from the United States District Court for
the Eastern District of Texas
(USDC No. 6:97-CV-893)
_____
March 21, 2001

Before REAVLEY, JOLLY and JONES, Circuit Judges.

PER CURIAM:[*]

        Geneva Warren, on behalf of her daughter, Sharon Sirls, appeals from denial

of her daughter's application for supplemental security income under the Social

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Security Act. Warren claims the administrative law judge (ALJ) erred (1) in excluding her from the administrative hearing while he questioned her daughter, (2) in finding that she received adequate notice of the right to legal representation, and (3) in finding that her daughter is not disabled under the Act. These claims are without merit.

The ALJ sequestered Warren during Sirls's testimony because Warren was a witness. Warren cites no authority for her position that this type of exclusion is improper. Furthermore, Sirls's stepfather was with her throughout the hearing. Warren's exclusion is not error.

Warren acknowledges that the notice-of-hearing letter she received includes a brief discussion of the right to representation in fine print on the back of letter. But she claims that the discussion is unclear and insufficient to notify her of her rights. Warren fails to mention that she received another letter three months earlier thoroughly describing her right to representation in simple, explanatory language. Warren makes no claim that the notice in this letter is inadequate. We agree with the ALJ and the district court that the notice Warren received is sufficient.

Finally, Warren claims that the record does not contain substantial evidence in support of the ALJ's no-disability determination. She contends that the judge considered only part of a psychologist's report and that he failed to consider what

Sirls's performance likely would be outside the confines of the special education program at her school. Warren also claims that the record lacks information about Sirls's functioning and development over a period of time as contemplated by 20 C.F.R. § 416.924(f). The ALJ's thorough decision, however, contradicts these claims. It is within his discretion to weigh the evidence in the record, and he may appropriately give little or no weight to some matters, including a physician's opinion. See Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994). That the ALJ was unconvinced by the evidence Warren cites does not mean he did not consider it. Furthermore, the record contains the psychologist's report and other medical and school records concerning Sirls. They provide adequate information about her functioning and development. We agree with the district court that there is substantial evidence in the record in support of the ALJ's no-disability determination.

     AFFIRMED.